Rich Curtner
Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JAMES H. PRIMM,<br><br>　　　　Defendant. | NO. 3:99-cr-00155-HRH<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REDUCE SENTENCE** |

　　　　James Primm was sentenced by this court on April 10, 2000, to 78 months for distribution of crack cocaine.  His total offense level was 27 and his criminal history category II.

　　　　Under retroactive application of the crack guideline amendment, his total offense level should be 25, and his guideline range reduced to 63 to 78 months.  If Mr. Primm was resentenced at the bottom of the reduced guideline range, his sentence would have been reduced by 15 months.

　　　　Mr. Primm was released on a term of three years supervised release in 2004.  His supervised release was revoked in 2005, and he served an additional five months.  Mr.

Primm's supervised release was revoked again in 2007, and an additional nine months imposed.

In total, Mr. Primm has served approximately 88 months incarceration and completed 19 months of his three-year term of supervised release. He originally filed a *pro se* petition to have his last term of incarceration reduced under 28 U.S.C. § 2255 on the basis that the crack guideline amendment was made retroactive and should be applied to his current term of imprisonment.

Mr. Primm now moves for a reduction of his sentence under 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3583(e)(1). The United States Supreme Court has stated that "Equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term" and can be addressed by terminating supervised release under 18 U.S.C. § 3583(e)(1). *United States v. Johnson*, 529 U.S. 53, 56 (2000).

Those equitable considerations apply here. Mr. Primm has "overserved" his original sentence by 15 months. He is requesting an immediate release, which in effect would be approximately a four-month reduction of his current term of incarceration.

The Federal Bureau of Prisons has addressed this issue in a Memorandum dated March 10, 2008, attached as Exhibit A. In a letter from the Director of the BOP to the Chair of the Committee on Criminal Law of the Judicial Conference, Director Lappin stated:

> Pursuant to 18 U.S.C. § 3583, the Bureau of Prisons (Bureau) awards credit against a Supervised Release Violator sentence for any time spent in official detention after commission of the (original) offense that has not been credited

against another sentence. Consider, for example, a defendant who was originally sentenced to 150 months, and who has served 130 months as of March 3, 2008. If that defendant receives a new sentence of 100 months on March 3, 2008, the defendant would have 30 months of "overserved" time, which would then be credited against any subsequent Supervised Release Violator sentence.

In Mr. Primm's case, the Bureau of Prisons cannot credit Mr. Primm for his "overserved" time. But "equitable considerations of great weight" allow this court to credit Mr. Primm by modifying the last judgment of incarceration to a "time-served" sentence.

Mr. Primm urges this court to amend his judgment to "time-served" and to order his release.

DATED at Anchorage, Alaska this 18th day of April 2008.

Respectfully submitted,

/s/Rich Curtner
Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:     907-646-3400
Fax:        907-646-3480
E-Mail:    rich_curtner@fd.org

Certification:
I certify that on April 18, 2008,
a copy of the *Memorandum of Law in Support of Motion to Reduce Sentence* was served electronically on:

Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Avenue, #9
Anchorage, AK 99513
E-Mail: Stephan.Collins@usdoj.gov

/s/Rich Curtner