

COMMITTEE ON CRIMINAL LAW
of the
JUDICIAL CONFERENCE OF THE UNITED STATES
2167 Richard B. Russell Federal Building
and United States Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303-3309

Honorable Lance M. Africk
Honorable Robert Holmes Bell
Honorable José A. Fusté
Honorable Henry M. Herlong, Jr.
Honorable Judith C. Herrera
Honorable Cindy K. Jorgenson
Honorable Theodore A. McKee
Honorable Norman A. Mordue
Honorable Charles R. Norgle, Sr.
Honorable William J. Riley
Honorable Thomas J. Rueter
Honorable Reggie B. Walton

Honorable Julie E. Carnes, Chair

TELEPHONE
(404) 215-1510

FACSIMILE
(404) 215-1517

March 13, 2008

MEMORANDUM

To: Judges, United States District Courts
United States Magistrate Judges
District Court Executives
Clerks, United States District Courts
Chief Probation Officers
Chief Pretrial Services Officers

From: Honorable Julie E. Carnes

RE: **CORRECTED VERSION** OF RECENT BOP LETTER CONCERNING ADDITIONAL GUIDANCE ON CRACK OFFENDERS WHO ARE SUBJECT TO IMMEDIATE RELEASE AS A RESULT OF SENTENCING REDUCTION ORDERS
**(IMPORTANT INFORMATION)**

The attached transmits a cover letter and a *corrected letter* from Bureau of Prisons (BOP) Director Harley Lappin to me. In his cover letter, Director Lappin indicates that there was an error in his February 29, 2008 letter, which I forwarded to you on that date. Director Lappin has provided a corrected version of this letter, dated March 10, 2008. This, also, is attached. You should replace the previous letter with this corrected version.

Director Lappin indicates that there is only one change in the corrected version. Specifically, the second sentence of the first full paragraph on page two previously contained the following language: "If this sentence exceeds the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence" (emphasis added).

The corrected version of that sentence now reads: "If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence" (emphasis added).

Thank you for your review of Director Lappin's corrected letter.

Attachments



**U.S. Department of Justice**

Federal Bureau of Prisons

---

*Office of the Director*                                    Washington, D.C. 20534
                                                            March 10, 2008


The Honorable Julie E. Carnes, Chair
Committee on Criminal Law of the
  Judicial Conference of the United States
Richard B. Russell Federal Building
  and Federal Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303-3309

Re: Sentence Reduction for Crack Cocaine Offenders

Dear Judge Carnes:

   This letter provides you a corrected version of the February 29, 2008, letter I previously provided, regarding the above-referenced topic. It came to our attention that there was an error on the second page of that letter. Specifically, the second sentence of the first full paragraph on page two stated that "If this sentence <u>exceeds</u> the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence." The corrected version of that sentence reads "If this sentence is <u>less than</u> the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence."

   Fortunately, we have not yet encountered any instances of a Resentencing Order using the erroneous language. It is possible that Judges, Probation Officers, and Assistant United States Attorneys have already discovered and corrected this error. Nevertheless, in the interest of accuracy, we are providing a corrected version for distribution as you deem appropriate.

   I apologize for, and regret, any inconvenience this error caused. If you have any questions regarding this matter, please contact Kathleen M. Kenney, Assistant Director/General Counsel, at (202) 307-3062, or me.

                                          Sincerely,

                                          *[signature]*
                                          Harley G. Lappin
                                          Director

Attachment



**U.S. Department of Justice**

Federal Bureau of Prisons

Office of the Director

Washington, D.C. 20534
March 10, 2008

**CORRECTED VERSION**

The Honorable Julie E. Carnes, Chair
Committee on Criminal Law of the
  Judicial Conference of the United States
Richard B. Russell Federal Building
  and Federal Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303-3309

Re: Sentence Reduction for Crack Cocaine Offenders

Dear Judge Carnes:

   As we prepare for the March 3, 2008, effective date of the crack cocaine guideline retroactivity, another issue has arisen regarding those defendants who will be eligible for immediate release. The issue relates to whether these defendants would have a claim to credit for allegedly "overserved" time should they subsequently be resentenced for violating the terms of their Supervised Release.

   Pursuant to 18 U.S.C. § 3585, the Bureau of Prisons (Bureau) awards credit against a Supervised Release Violator sentence for any time spent in official detention after commission of the (original) offense that has not been credited against another sentence.[1] Consider, for example, a defendant who was originally sentenced to 150 months, and who has served 130 months as of March 3, 2008. If that defendant receives a new sentence of 100 months on March 3, 2008, the defendant would have 30 months of "overserved" time, which would then be credited against any subsequent Supervised Release Violator sentence.

   In short, as a result of this federal statute, the Bureau may be required to credit the defendant in this example with 30 months towards his Supervised Release Violator term. If it is

---

[1] See Bureau of Prisons Program Statement 5880.28, Sentence Computation Manual (CCCA of 1984) at pages 1-14C and 1-14D, available at www.bop.gov/policy/progstat/5880_028.pdf.

not the judge's intention to create an "overserved time" situation, the Bureau suggests three alternatives.

First, the Order may simply indicate that the sentence is being reduced to a "time-served" sentence. Second, where a particular sentence in terms of months has been indicated (e.g., 100 months), the Order may provide that "If this sentence is less than the amount of time the defendant has already served, the sentence is reduced to a 'Time Served' sentence." Third, the Order may state that "This Order is subject to the prohibition contained within USSG §1B1.10(b)(2)(C)." (USSG §1B1.10(b)(2)(C) provides that, "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.")

If courts use any of these three alternatives, the Bureau will compute the sentence so that there is no "overserved time" to be credited toward any subsequent violator sentence. If courts have already issued sentencing reduction orders that do not contain the language suggested above in cases that potentially involve an "overserved time" situation, those courts may wish to consider issuing an Amended Order that reflects this language.

If you have any questions regarding these issues, please contact Sonya Cole, Assistant General Counsel at (972)352-4425 or Delbert Sauers, Chief of the Designations and Sentence Computation Center, at (972)352-4400.

It is always our goal to honor the intent of the Sentencing Judge, and including this language on sentencing reduction orders will make it much easier for us to correctly discern that intent. Thank you for your assistance, and please feel free to contact me if you wish to discuss this matter further.

Sincerely,

Harley G. Lappin
Director

cc: James Oleson
    Administrative Office of U.S. Courts