NELSON P. COHEN
United States Attorney

STEPHAN A. COLLINS
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: Stephan.Collins@usdoj.gov
AK Bar Assoc. No. 8911061

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:99-CR-00155-HRH |
| | ) | |
| Plaintiff, | ) | **RESPONSE IN OPPOSITION TO** |
| | ) | **18 U.S.C. § 3582(c) MOTION** |
| vs. | ) | |
| | ) | |
| JAMES H. PRIMM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    The defendant, James H. Primm, has filed a motion for reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines which lowered the base offense levels applicable to cocaine base ("crack") offenses. The defendant also moves to have his term of supervised release terminated. The United States opposes both aspects of the motion. The

relevant amendment to the "crack" guidelines would have applied to the defendant's term of imprisonment if he was currently still serving the original term of imprisonment, but he is not currently serving that sentence. The defendant is currently serving a sentence imposed as a result of his violation of the conditions of his supervised release. Furthermore, the defendant's motion for early termination of his supervised release is unwarranted because of the defendant's history of repeatedly violating the conditions of his supervised release by using controlled substances and committing a new drug felony while on supervision.

## ORIGINAL SENTENCE AND SUBSEQUENT SENTENCES

On April 10, 2000, this Court sentenced the defendant to two concurrent terms of 78 months of imprisonment for two violations of 21 U.S.C. § 841(a)(1) and (b)(1)(C), distribution of cocaine base (crack.) As part of the defendant's sentence, the Court also imposed two concurrent terms of three years of supervised release to follow the completion of the defendant's sentence.

The defendant completed his term of imprisonment on June 25, 2004 and commenced his term of supervised release. On March 30, 2005, the United States Probation Office filed the first petition to revoke the defendant's term of supervised release. This petition was based on allegations that the defendant had used cocaine, had failed to report for drug testing, and had failed to abide by the

rules of the half-way house. Following that petition, the Court eventually revoked the defendant's term of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), and imposed an additional term of four months imprisonment with two years of supervised release to follow. [Docket #81.] This additional term of imprisonment was calculated under the advisory provisions of Chapter Seven of the United States Sentencing Commission Guidelines, in particular U.S.S.G. § 7B1.4.

Following the completion of that additional term of imprisonment, the defendant continued to fail to abide by the conditions of supervision, primarily by showing up at the probation office while under the influence of alcohol. On May 16, 2006, this Court approved a modification of the defendant's conditions of supervision by including a condition that the defendant refrain from using any alcohol. [Docket #83-1.]

On February 21, 2007, the United States Probation Office once again filed a petition to revoke the defendant's term of supervised release. This latest petition alleged the defendant had once again used cocaine on July 6, 2006 and that he had committed another drug related felony on July 11, 2006. On June 19, 2007, this Court once again revoked the defendant's term of supervision for these two violations and imposed a sentence of nine months imprisonment, pursuant to the recommend range contained in U.S.S.G. § 7B1.4.. This new term of imprisonment

was to run consecutive to the sentence the State of Alaska imposed for the state drug felony violation the defendant committed. [Docket # 96.] The State of Alaska had sentenced the defendant on January 26, 2007, to serve two years of "flat time" imprisonment for the drug felony offense.

RETROACTIVE APPLICATION OF THE
AMENDMENTS TO U.S.S.G. § 2D1.1

Section 3582(c)(2) of Title 18 provides:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in

a concluded case.[1] On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

>   (1)   In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>
>   (2)   Exclusions.—A reduction in the defendant's term of imprisonment is

---

[1] Section 1B1.10 is based on 18 U.S.C. § 3582(c)(2), and also implements 28 U.S.C. § 994(u), which provides: "If the Commission reduces the term of imprisonment recommended in the guidelines applicable to a particular offense or category of offenses, it shall specify in what circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced."

A guideline amendment may be applied retroactively only when expressly listed in Section 1B1.10(c). *See, e.g., United States v. Perez*, 129 F.3d 255, 259 (2d Cir. 1997); *United States v. Thompson*, 70 F.3d 279, 281 (3d Cir. 1995); *United States v. McHan*, 386 F.3d 620, 622 (4th Cir. 2004); *United States v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *United States v. Dullen*, 15 F.3d 68, 70-71 (6th Cir. 1994); *United States v. Wyatt*, 115 F.3d 606, 608-09 (8th Cir. 1997); *United States v. Cueto*, 9 F.3d 1438, 1441 (9th Cir. 1993); *United States v. Avila*, 997 F.2d 767, 768 (10th Cir. 1993); *United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003).

>not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>
>>(A)   none of the amendments listed in subsection (c) is applicable to the defendant; or
>>
>>(B)   an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
>
>(3)   <u>Limitation</u>.—Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.
>
>(b)(2)(C)   <u>Prohibition</u>-In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.
>
><u>Application Notes:</u>
>
>4.   <u>Supervised Release</u>
>
>>(A)   <u>Exclusion Relating to Revocation</u>– Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section.  This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

    (B)    <u>Modification Relating to Early Termination</u>– If the prohibition in subsection (b)(1)(C) relating to time already serves precludes a reduction in the term of imprisonment to the extent the court determiens otherwise would ahve been appropriate as a result of the amended guideline range determined under subsection (b)(1), the court may consider any such reduction that it was unable to grant in connection with any motion for early termination of a term of supervised release under 18 U.S.C. § 3583(e)(1).  However, the fact that a defendant may have served a longer term of imprisonment that the court determines would have been appropriate in view fo the amended guideline range determined under subsection (b)(1) shall not, without more, provide a basis for early termination of supervised release. Rather, the court should take into account the totality of circumstances relevant to a decision to terminate supervised release, including the term of supervised release that would have been appropriate in connection with a sentence under the amended guideline range determined under subsection (b)(1).

Among the factors the Court is to consider when determining whether or not

a reduction in a defendant's term of imprisonment is warranted and the extent of any such reduction are 1) the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment; and 2) any post sentencing conduct of the defendant.  *Commentary, Application Notes 1.(B)(ii) and (iii).*

The amendment in question in this matter is Amendment 706, effective November 1, 2007, which reduced the base offense level for most cocaine base ("crack") offenses.[2]  On December 11, 2007, the Commission added Amendment 706 to the list of amendments stated in Section 1B1.10(c) which may be applied retroactively, effective March 3, 2008. U.S.S.G. App. C, Amend. 713.

In Amendment 706, the Commission generally reduced by two levels the offense levels applicable to crack cocaine offenses.  The Commission reasoned that, putting aside its stated criticism of the 100:1 ratio applied by Congress to powder cocaine and crack cocaine offenses in setting statutory mandatory minimum penalties, the Commission could respect those mandatory penalties while still reducing the offense levels for crack offenses.  See U.S.S.G., Supplement to

---

[2] Amendment 706 was further amended in the technical and conforming amendments set forth in Amendment 711, also effective November 1, 2007.

App. C, Amend. 706.[3]

Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range which included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities which fall below, between, or above quantities which trigger statutory mandatory minimum penalties. For example, a trafficking offense involving five grams of crack cocaine requires a statutory mandatory minimum sentence of five years imprisonment. See 21 U.S.C. § 841(b)(1)(B). Therefore, the revised guideline applies an offense level of 24 to a quantity of cocaine base ("crack") of at least five grams but less than 20 grams; at criminal history category I, this level produces a range of 51-63 months (encompassing the 60-month mandatory minimum).

The final result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for crack offenses. At the high end, the guideline previously applied offense level 38 to any quantity of crack of 1.5 kilograms or

---

[3] In a separate matter, the Supreme Court recently held in *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007), that district courts "may consider the disparity between the Guidelines' treatment of crack and powder cocaine offenses" in deciding whether to vary from the advisory Guidelines range for crack offenders. However, that issue is not pertinent to this case, which involves only a § 3582(c)(2) reduction based on a specific guideline amendment.

more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams. Amendment 711 also made conforming amendments to the drug conversion chart which is employed where the offenses of conviction involved crack as well as other controlled substances.

### A REDUCTION IN SENTENCE IS NOT WARRANTED IN THIS CASE BECAUSE THE DEFENDANT IS NOT CURRENTLY SERVING THE ORIGINAL SENTENCE

While the retroactive application of the amendments to U.S.S.G. § 2D1.1 is discretionary, the relevant amendments by their terms do not apply to the defendant's case. The amendments only apply to defendant who are still serving the original term of imprisonment. The defendant is currently serving a term of imprisonment for violating his conditions of supervision, a term the Court calculated under U.S.S.G. § 7B1.4. The recommended terms of imprisonment contained in U.S.S.G. § 7B1.4. have always been advisory and were in no way affected by the recent amendments to the "crack" guidelines.

Even though the recent amendment has reduced the advisory sentence range for offenses involving "crack," the amendment did not render sentences imposed

under the prior guidelines unconstitutional or illegal. The sentence the Court imposed on this defendant fell within the applicable statutory penalty scheme. Thus, the defendant has not served more time than the law required. And he is not entitled to any credit for time served against the sentence the Court imposed for the defendant's breach of the Court's trust when it imposed the term of supervised release.

Viewed from a different angle, the defendant has already received a "time served" sentence. He had already served his original time three years and eight months before the "crack" amendments became retroactive. The time he is now serving is unrelated to his original sentence and not subject to a reduction.

### THE DEFENDANT HAS NOT EARNED THE COURT'S TRUST FOR EARLY TERMINATION OF SUPERVISED RELEASE

The defendant's argument that he has over served his original sentence by 15 months is specious and forms no basis upon which to reduce his sentence for violating the conditions of his supervised release. The defendant completed his term of imprisonment on June 25, 2004 after serving less than the 78 months of imprisonment the Court imposed. The defendant had completed his sentence some three years and eight months before the retroactive application of the "crack" amendment went into effect on March 3, 2008. As argued above, the recent

retroactive application of the "crack" amendment does not apply to the defendant's case. His original sentence was and has always remained lawful and valid. No Court has ever overturned his convictions or sentences, or found them to be unconstitutional in a collateral proceeding. Thus, the defendant's original sentence remains intact and cannot be changed. Therefore, the defendant has not over served his sentence.

Moreover, whatever time the defendant believes he over served on his original sentence would not have affected the time when his term of supervised relase commenced. Irrespective of whether a defendant has served excess time in prison, a defendant's term of supervised release only commences upon the defendant's release from confinement, not before. *United States v. Johnson*, 529 U.S. 53, 58-60 (2000).

The current term of imprisonment the defendant is serving was imposed pursuant to 18 U.S.C. 3583(e)(3) following the revocation of his supervised release. The recent amendments to the "crack" guidelines have had no effect upon that statute. And his current sentence in unrelated to his original term of imprisonment; it is related to his failure to abide by the conditions of supervision, which failure started within a year of his release from imprisonment.

"Congress intended supervised release to assist individuals in their transition

[from imprisonment] to community life. ... [it] fulfills rehabilitative ends, distinct from those served by incarceration" *United States v. Johnson*, 529 U.S. at 59. But for his miserable performance while on supervised release, the defendant would not currently be incarcerated and his request for early termination of supervised release might have been meritorious. But that is not the case.

Within a year of his release from imprisonment, the defendant was using cocaine. Within two years of his release from his original term of imprisonment and within a year or so of his release from imprisonment for violating the conditions of supervision, the defendant was not only again using cocaine, he was out committing another cocaine related felony.

The defendant has lost the Court's trust that he will comply with the conditions of supervision and will reintegrate himself back into the law abiding community. His conduct since his original release militates against terminating his supervision let alone reducing his current sentence for violating the conditions of release. Such a move would not be in the interest of justice.

## CONCLUSION

For the reasons set forth above, the Court should deny the defendant's 18 U.S.C. §3582(c) motion for a reduction in sentence as well as his motion for early termination of supervised release. A reduction in the defendant's sentence for

13

violating the conditions of supervised release would undermine the purpose for supervised release for this defendant and would not promote respect for the conditions of supervision the Court imposed in this case or in any other case with similar facts.

RESPECTFULLY SUBMITTED this day, May 12, 2008, in Anchorage, Alaska.

NELSON P. COHEN
United States Attorney

s/Stephan A. Collins
Assistant U.S. Attorney
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: stephan.collins@usdoj.gov
AK # 8911061

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2008
a copy of the foregoing was served
electronically:
Richard F. Curtner, counsel for Primm

14