IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,         )
                                  )
                    Plaintiff,    )
                                  )
    vs.                           )
                                  )
JAMES H. PRIMM,                   )
                                  )   No. 3:99-cr-0155-HRH
                    Defendant.    )
_____)

O R D E R

Motion to Reduce Sentence

Defendant moves for an order reducing his sentence.[1] The motion is opposed by the Government.[2] Neither oral argument nor a hearing is necessary in this case, for there is no disagreement about the facts pertinent to defendant's motion.

By judgment filed April 10, 2000,[3] defendant was sentenced to serve 78 months of imprisonment on each of Counts 2 and 5 of an indictment charging distribution of controlled substances. The

---

[1]Docket No. 108. Defendant had previously filed a pro se motion for retroactive application of sentencing guidelines to his crack offense. Docket No. 99. The court addressed that motion in its order of November 30, 2007. Docket No. 103. The court deems the instant motion to have been substituted for defendant's pro se motion that was faulty in a couple of respects, which no longer have application given the appearance of counsel and the substituted motion to reduce sentence.

[2]Docket No. 112.

[3]Docket No. 34.

- 1 -

judgment also imposed a three-year term of supervised release. Defendant was released from imprisonment in 2004. Upon the petition of the Probation Service, the defendant's supervised release was revoked by amended judgment entered April 22, 2005.[4] The court imposed a four-month term of imprisonment, to be followed by two years of supervised release. Upon release from the foregoing imprisonment, defendant came under supervision again, and, again, he violated the terms and conditions of supervision. By further amended judgment,[5] defendant's supervised release was again revoked. A nine-month period of incarceration was imposed for violation of supervised release. Defendant is currently serving that sentence.

Both revocations came as a result of defendant's continuing use of cocaine. The second revocation was aggravated by the fact that defendant had committed a state law drug offense for which he was also incarcerated. On each occasion, defendant's supervised release was revoked pursuant to 18 U.S.C. § 3583(e)(3), and the court employed Advisory Guideline 7B1.4 for purposes of establishing the length of incarceration.

Defendant argues that his federal incarceration should be terminated because, based upon recent amendments to the Sentencing Commission Guidelines applicable to crack cocaine offenses, his original offense level would have been 25 rather than 27 – which, at criminal history category II, would have led to a sentence of 63

---

[4]Docket No. 81.

[5]Second Amended Judgment, Docket No. 96.

to 78 months rather than 78 to 97 months. Defendant contends that based upon the reduced crack guidelines, he served 15 months longer than necessary under the court's original judgment. Based upon the Sentencing Commission's retroactive reduction of the offense levels applicable to distribution of crack cocaine, defendant moves, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his current sentence to "time served" and an order for his release.

Section 3582(c)(2) provides that:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant ... the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

By Amendments 706 and 711 to the Guidelines, the Sentencing Commission has in substance lowered the offense level for distribution of crack cocaine. The amendments are expressly made retroactive. U.S.S.G. § 1B1.10(c).

Defendant is no longer serving a term of imprisonment pursuant to the court's original sentence and judgment. The sentence that defendant is presently serving was imposed pursuant to 18 U.S.C. § 3583(e)(3) for violation of the terms and conditions of supervised release. In sentencing defendant for violation of supervised release terms, the court had recourse to U.S.S.G. §§ 7B1.3 and 7B1.4. These guidelines have not been amended by the Sentencing Commission. While these guidelines make reference to

and employ the defendant's original criminal history category, a sentence for violation of the terms of supervised release does not depend in any fashion upon the defendant's original offense level. Rather, the functional equivalent of one's offense level is couched in terms of the grade or classification of violations. U.S.S.G. § 7B1.1. Thus it is clear that there has in no sense whatever been any guideline change that would lower the sentencing range which the court employed in establishing a sentence of nine months for violation of supervised release by defendant.

Because defendant is not serving a term of imprisonment based upon a sentencing range that has been lowered by the Sentencing Commission, his motion to reduce sentence is denied.

The foregoing result is entirely consistent with the intent of the Sentencing Commission, for in making the lowered crack guidelines retroactive, the Sentencing Commission substantially revised U.S.S.G. § 1B1.10, as well as the application notes following that section. Application Note 4(A) expressly provides that:

> Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment imposed upon revocation of supervised release.

As set out above, defendant's situation falls squarely within the foregoing application note. He has completed service of his original sentence, and the sentence that he is currently serving was imposed for revocation of supervised release.

For the sake of completeness, the court notes that U.S.S.G. § 1B1.10, Application Note 4(B), does make some provision for consideration of the unavailability of a sentence reduction when considering whether or not to grant early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1). Thus, if defendant were currently on supervised release – as opposed to being incarcerated for violation of supervised release – there is at least the possibility that a motion under 18 U.S.C. § 3582(c)(2) could work to a defendant's benefit. In this case, by its second amended judgment, the court revoked the defendant's supervised release, sentenced him to nine months' incarceration, and made no provision for further supervised release. Therefore, Application Note 4(B) is not an avenue for relief for defendant.

Although the court has above concluded otherwise, were it to be determined at some future time that because defendant was sentenced for a crack offense, the guidelines for which have been reduced, the court has general discretionary power to afford defendant relief, it would not do so in this case. The Probation Service having found it necessary to petition twice for revocation of defendant's supervised release, and the second petition involving not only continued use of cocaine, but, in addition, a separate felony drug conviction (a Grade B violation), a sentence of nine months' imprisonment is not greater than necessary. Considering the factors of 18 U.S.C. § 3553(a), there is patently a serious need to endeavor to promote respect for the law on the part of defendant. A sentence of nine months is a just way to

accomplish that.  There is plainly a remaining need to deter defendant from criminal conduct and protect the public from the defendant's illegal activity.

Again, the motion to reduce sentence is denied.

DATED at Anchorage, Alaska, this <u>14th</u> day of May, 2008.

<u>/s/ H. Russel Holland</u>
United States District Judge